# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORYSATH SAYSANASY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-00008 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 9).

At a hearing on March 19, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff makes a number of arguments why the Administrative Law Judge ("ALJ") erred in finding that "[t]he claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work related activities for 12 consecutive months; therefor, the claimant does not have a severe impairment or combination of impairments." (Administrative Record ("A.R.") 21).

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**A. Whether Objective Evidence Supported the ALJ's Determination**

Plaintiff challenges the ALJ's decision on the ground that it is not supported by substantial evidence.

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

As an initial matter, the ALJ's conclusion was supported by the opinions of two state agency medical consultants. As the ALJ explained:

> On May 19, 2015, after a review of the medical record, State agency medical consultant L. Bobba, M.D., opined there was insufficient evidence of a severe physical impairment (Exhibit 1A, P. 4). On October 5, 2015, after a review of the medical record, State agency medical consultant H. Estrin, M.D. opined there was insufficient evidence of a severe physical impairment (Exhibit 3A, p. 4).

(A.R. 25). This summary is supported by the record, and provides substantial evidence supporting the ALJ's conclusion. (A.R. 162, 169).

The ALJ also based its decision on the objective medical evidence, explaining:

> Overall, the objective medical evidence regarding the claimant's physical condition did not support a finding that he was unable to perform any sustained work activity. In order to establish disability for the purposes of obtaining supplemental security income and disability insurance benefits, the claimant had the burden of providing an inability to perform any sustained work activity. The medical evidence does not support such a finding and is consistent with the finding that the claimant had physical impairments which do not more than minimally limit his ability to perform work related activity. The objective medical evidence failed to support the alleged severity of symptoms and degree of limitation alleged by the claimant.

(A.R. 24). Plaintiff attempts to refute this reason by pointing to the following objective medical evidence: A medical observation that "The claimant had discoloration to the right upper quadrant, and over his rib cage along the anterior line." (A.R. 420). A note under "impressions" stating "Obstructive Sleep Apnea Syndrome: Severe." (A.R. 352). A record indicating that his weight was 205 lbs with a height of 5' 2". (A.R. 376). Medical notes observing "tenderness to palpation." (A.R. 430, 445).

The Commissioner counters that these objective findings are very minimal and do not indicate any work related limitations. The Commissioner also points to numerous records indicating normal findings within those same records. For example, in the same examination showing discoloration near the rib cage, every observation regarding the back, upper extremities, and lower extremities were "WNL," indicating "within normal limits." (A.R. 420). In the same record indicating tenderness in the knee, the same record indicates "Inspection of the right knee joint reveals no deformity, swelling, quadriceps atrophy, asymmetry or malalignment. No limitation is noted in flexion, extension, adduction, abduction, internal rotation or external rotation." (A.R. 430).

After review of the arguments and record, the Court finds that the Commissioner's decision is supported by substantial evidence.

///

**B. Whether the ALJ Committed Legal Error Regarding Two Medical Opinions**

Plaintiff also argues that the ALJ committed legal error in failing to provide sufficient reasons for discounting two medical opinions.

### 1. Dr. Stoltz

The ALJ gave little weight to a medical opinion by examining physician Dr. Stoltz.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830–31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Here, because Dr. Stoltz's opinion was contradicted, the Court looks to whether the ALJ's decision was supported by specific and legitimate reasons that are supported by substantial evidence.

The ALJ addressed Dr. Stoltz's opinion as follows:

> On May 27, 2017, after completion of a physical examination, consultative internist Dr. Stoltz opined that the claimant could lift and carry 50 pounds occasionally and 10 pounds frequently; stand or walk for two hours at one time but otherwise without limitation in an eight-hour work day; and sit for eight hours in an eight-hour day. He could frequently balance. He could occasionally stoop, kneel, crouch, and crawl. He could climb stairs, ramps, ladders, and scaffolds occasionally. His sleep apnea was well controlled. He could tolerate occasional exposure to extreme cold, extreme heat, dusts, and other pulmonary irritants that might flare-up his asthma (Exhibit 6F, p. 14). The undersigned gives the opinion

> little weight because the limits appear based on subjective symptoms rather than findings of examination which are within normal limitations and unsupported by objective med records, clinical findings or treatment history, including the documented complaints of the claimant in the treatment record.

(A.R. 24). These reasons are specific and legitimate reasons for giving little weight to such an opinion. Moreover, the Court has reviewed Dr. Stoltz's opinion and related record and finds that these reasons are supported by substantial evidence. As referred to above, Dr. Stoltz did a physical examination that found all physical indications to be within normal limits. Indeed, the only abnormal observation upon physical examination appears to be the observation that "The claimant had discoloration to the right upper quadrant and over his rib cage along the anterior line." (A.R. 420). Dr. Stoltz also notes that Plaintiff "has had imaging studies performed in the past but none of those were available for my review." (A.R. 417).

### 2. Physician Assistant Moua

The ALJ also gave little weight to the opinion of physician assistant Kongmong Moua. Because P.A. Moua is a physician assistant, the ALJ need only provide reasons germane to each witness for discounting P.A. Moua's opinion. *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ addressed P.A. Moua's opinion as follows:

> On November 2, 2015, treating physician assistant Kongmong Moua, PA-C completed a Verification of Incapacity and opined that the claimant was temporarily unable to work due to COPD, sleep apnea, and hypertension (Exhibit 4F, p. 1). The undersigned gives this opinion great weight with respect to establishing that the claimant has the medically determinable impairments stated and that such cause the claimant limitations. However, as to a findings [sic] of severity, this opinion is given little weight because by its own terms it denotes any limits as temporary, and although PA-C Moua indicates the period of incapacity was from 2011 to 2016, the timeframe is disconnected from objective medical records or treatment a treatment [sic] history. On December 2, 2015, Kongmong Moua, PA-C opined that, due to COPD, nicotine dependence, obesity, hyperlipidemia, and obstructive sleep apnea, the claimant was unable to work. He had shortness of breath. PA-C Moua opined the claimant was capable of a low stress job; could walk for 1-2 blocks; rarely stoop and couch; frequently twist; occasionally climb ladders or stairs; and was likely to be absent from work for about three days per month (Exhibit 5F, p. 3). The undersigned gives this opinion little weight because it is overrestrictive with respect to the limitations associated with the claimant's impairments. It appears that the claimant's impairments are mild in nature, such that they are susceptible to medication control and compliance. While not an acceptable medical source, PA-C Moua's treatment

notes and opinions have been thoroughly considered as a medical source
statement. This is evidenced by gaps in treatment which do not establish more
than minimal limitations, for a duration of 12 months, in the ability to perform
work related activity owing to the claimant's impairments.

(A.R. 25). The Court has evaluated these reasons and the associated record and finds that they are legally sufficient.

### C. Whether the Appeals Council Committed Legal Error by Failing to Consider Exhibits Submitted After the Hearing

Plaintiff also claims that the Appeals Council committed harmful, legal error by failing to consider or exhibit certain exhibits submitted after the hearing.

The Appeals Council provided the following reason for rejecting additional evidence:

You submitted medical records dated July 10, 2017 through December 22, 2017
from North Marks Medical Clinic (17 pages). We find this evidence does not
show a reasonable probability that it would change the outcome of the decision.
We did not exhibit this evidence.

You also submitted medical records dated March 20, 2018 from Fresno Imaging
Center (2 pages), medical records dated May 4, 2018 from InSight Vision Center
(4 pages), and medical records dated March 16, 2018 through June 11, 2018 from
North Marks Medical Clinic (17 pages). The Administrative Law Judge decided
your case through December 28, 2017. This additional evidence does not relate to
the period at issue. Therefore, it does not affect the decision about whether you
were disabled beginning on or before December 28, 2017.

If you want us to consider whether you were disabled after December 28, 2017,
you need to apply again. . .

(A.R. 7).

The Court has reviewed the records dated July 10, 2017 through December 22, 2017 from North Marks Medical Clinic and agrees with the Appeals Council's assessment. Although the records do indicate diagnoses of chronic obstructive pulmonary disease (COPD) and obstructive sleep apnea (OSA) and associated symptoms, they also indicate that he had poor compliance with his CPAP machine and did much better when using it correctly. (A.R. 35 ("He was diagnosed with sleep apnea in 2012 and has been using the CPAP machine since, although with poor compliance. He states that he feels better with use."); A.R. 46 ("He reports feeling better with the APAP and denies snoring while wearing the mask."); A.R. 47 ("I have informed the patient about the poor compliance.")). Furthermore, after making adjustments to compliance, the doctor

indicated "I will be happy to see the patient in follow up if he is having any further difficulty with sleep. Otherwise, follow up will be in 1 year," (A.R. 57), which indicates that Plaintiff was stable with compliance.

As for the records postdating December 28, 2017, the Court agrees that these are not related to the period at issue. The Court has reviewed them and they speak to his current condition as of the examination date, and do not offer any evidence or opinions regarding his condition prior to those dates.

### D. Whether the ALJ Erred in Failing to Credit Plaintiff's Subjective Symptom Testimony

Plaintiff also challenges the ALJ's finding that Plaintiff's subjective symptom testimony could not be fully credited.

The Court looks to whether the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ stated as follows regarding Plaintiff's subjective symptom testimony:

> After considering the evidence of record, the undersigned found that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(A.R. 22). Plaintiff is correct that this statement alone is not sufficient. The ALJ then summarizes various portions of the record and concludes, "The objective medical evidence failed to support the alleged severity of symptoms and degree of limitation alleged by the claimant." (A.R. 24).

While the Court is troubled by the general reference to its summary, it ultimately concludes that the ALJ's reasoning was legally sufficient in this case. As discussed above, there is an extreme dearth of any objective medical evidence to support the claimed symptoms. Instead, repeated medical examinations exhibit normal findings. The following portions of the ALJ's opinion discuss these issues:

> On March 21, 2015, a physical examination was normal (Exhibit 2F, p. 8). There was no evidence of joint pain, tenderness, or deformity. He had a full range of motion intact to all major joints. He had normal bulk and tone for age. His lungs were clear to auscultation. There were no wheezes, rales, or rhonchi noted. His respirations were equal and unlabored.
>
> . . . .
>
> . . . . A respiratory examination was normal . . . . On February 21, 2017, x-rays of the claimant's right rib cage were normal (Exhibit 7F, p. 25). The claimant's physical examinations were generally normal (Exhibit 7F, p. 15). . . .
>
> . . . .
>
> Upon examination by Dr. Stoltz, claimant's blood pressure was elevated at 151/89. His grip strength was 40-40-40 on the right and 60-60-60 on the left. His breath sounds were symmetric. There was no wheezes, rhonchi, or rales. His expiratory phase was within normal limits. He had discoloration to the right upper quadrant and over his rib cage along the anterior line. A straight leg-raising test was negative. His range of motion of his back was normal. His range of motion of his spine and major joints was normal. He had mild crepitation of both knee joints with flexion and extension, but had no tenderness or effusion. He had good tone bilaterally with good active motion. His strength was 5/5 in all extremities, including handgrip. A neurological examination was normal. His gait was normal. . . .

(A.R. 23). With this summary in mind, the ALJ's statements that Plaintiff's subjective symptoms were not borne out by objective evidence is legally sufficient. The record, as summarized by the ALJ, repeatedly showed that normal examinations did not support the level of impairment claimed by Plaintiff.

**E. Conclusion**

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 20, 2020**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE